THE UNITED STATES, APPELLANTS V. JOSEPH H. HERNANDEZ.

The case was argued by Mr Call, for the United States; and by Mr White, for the appellee.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

This is an appeal from a decree of the judge of the superior court for the eastern district of Florida, declaring the claim of the appellee to twenty thousand acres of land to be valid.

His title commences with the following decree, made by governor Coppinger on the 18th of November 1817.

"In attention to what the interested party sets forth and represents, and in virtue of the powers which are annexed to my authority, also conforming to the laws and royal dispositions on the distribution of lands, the memorialist being one of those settlers who most contributes to the improvement of this province; I grant him, in the name of his majesty, and of his royal justice which I administer, the twenty thousand acres of land which he requests, in the places which he points out in his memorial, that he may possess them in absolute property and dominion. And for confirmation, and his security until titles in form be delivered him, which will be as soon as he shall have accomplished the survey and demarcation of said lands by a surveyor, let the proceedings be lodged in the archives of the notary, and an authenticated copy given to the interested."

The order of survey was made on the 5th of December 1820, and executed by Don Andrew Burgevin in three surveys, on the 4th and 5th of April 1821. The full title was granted on the 9th of the same month.

The court decreed that the claim was valid, and confirmed

the same "to the claimant to the extent and agreeably to the boundaries, as in the three surveys of the said land made by Don Andrew Burgevin, and dated the 4th and 5th days of April 1821, and filed as herein is set forth.

As the surveys and full title were made after the 24th day of January 1818, the claim of the petitioner depends entirely on the concession of the 18th of November 1817; and such was the opinion of the district court. That concession having been unconditional, and the power of the governor to make it having been decided in the case of G. J. F. Clarke, the only remaining question is, whether the land contained in the surveys is also contained in the concession.

The decree of the governor refers to the petition on which it was made, for a description of the property conveyed.

The petitioner, after setting forth his services and meritorious claims, proceeds, "wherefore he prays your excellency to be pleased to grant him in absolute property and dominion, twenty thousand acres of land : to wit, ten thousand on both banks of the river St John's, between the place known by the name of Buffalo's Bluff, and another place named Mount Tucker; and the remaining ten thousand on the west side of Lake St George, the land to be divided into two parts by a brook or creek, which discharges itself into said lake, named Salt Spring, about ten miles more or less to the north of another creek, named Silver Creek."

The ten thousand acres on both banks of the river St John's, are laid off in two surveys of five thousand acres each. One on the east side of the river, between Buffalo's Bluff and Mount Tucker, and the other on the west side of that river.

These tracts appear to have been properly surveyed.

The other survey for ten thousand acres, is laid down on the west side of Lake St George, and is divided into two parts, by a brook which discharges itself into the lake, and is in the decree named Salt Spring. In the certificate of the surveyor, it is called White Spring. The decree of the court corresponds precisely with the concession, as does the figure of the plat. No other discrepancy is found, than in the name of the spring. As no notice was taken of this discrepancy in the district court where the locality of the survey was understood, we suppose

that the spring may have been known by both names, or that some error may have taken place in transcribing the record.

The decree of the district court is affirmed.

This cause came on to be heard on the transcript of the record from the superior court for the eastern district of Florida, and was argued by counsel; on consideration whereof, it is ordered, adjudged and decreed by this court, that the decree of the said superior court confirming the title of the petitioner in this cause be, and the same is hereby affirmed, in all respects.